| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

JEREMY P. SPENCER, §
　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:16-CV-94
　　　　　　　　　　　　　　§
MRS. ARDOIN, *et al.*, §
　　　　　　　　　　　　　　§
　　　　Defendants. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

　　　　Plaintiff Jeremy P. Spencer, an inmate confined at the Holiday Unit, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against Mrs. Ardoin and Mrs. Jones, both employed at the Jefferson County Correctional Facility.

　　　　The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

　　　　The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

　　　　Plaintiff asserts in his objections that if he had not been denied access to the law library, he could have conducted research and prepared a defense for his criminal case since his lawyer was not prepared and provided ineffective assistance. After careful consideration, the court concludes Plaintiff's objections are without merit.

　　　　A prisoner represented by counsel has no constitutional right of access to a law library because his access to court is provided by his attorney. *See Degrate v. Godwin*, 84 F.3d 768,

768-69 (5th Cir. 1996) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law") (citation omitted); *see also Caraballo v. Federal Bureau of Prisons*, 124 F. App'x. 284, 285 (5th Cir. 2005) (holding that because prisoner had court-appointed counsel, he had no constitutional right of access to the law library to help prepare his defense, and therefore failed to state a claim upon which relief may be granted). Here, because Plaintiff acknowledges he was represented by counsel at the time he wanted law library access, his allegations that he was denied adequate access have no basis in law.

## O R D E R

Accordingly, Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 24th day of April, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE